

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONALD F. SARGENT,          §
                            §
          Plaintiff,        §
                            §
vs.                         §    NO. 4:02-CV-018-A
                            §
VITALITY FOOD SERVICE, INC.,§
ET AL.                      §
                            §
          Defendants.       §

                    O R D E R

     Came on for consideration the motion of defendants Vitality

Food Service, Inc. ("VFS"), and Pasco Beverage Company ("PBC")

for summary judgment.  Plaintiff, Ronald F. Sargent ("Sargent"),

has not filed any opposition to the motion.[1]  The court, after

having reviewed the motion, supporting brief, the record, the

summary judgment evidence, and applicable authorities, concludes

that the motion should be granted.

     Sargent alleges in his second amended complaint that:[2]  He

is the owner of 100% of the issued and outstanding shares of

_____

     [1] By order signed April 23, 2003, the court extended the
deadline for Sargent to file a response until 4:30 p.m. on May 9,
2003.

     [2] The court has previously dismissed Sargent's claims
against three of the five defendants Sargent originally named in
his state-court petition.  The original defendants were:  VFS;
Vitality Beverages, Inc. ("VBI"); PBC; Caxton-Iseman Capital,
Inc. ("CIC"); and Engles, Urso & Follmer ("EUF").  The court
dismissed with prejudice Sargent's claims against EUF by final
judgment signed June 5, 2002; and, the court dismissed without
prejudice Sargent's claims against CIC and VBI by final judgment
signed June 11, 2002.  The Fifth Circuit affirmed the court's
judgments.  See Sargent v. Vitality Food Service, Inc., No. 02-
10799, slip op. (5th Cir. Mar. 7, 2003).

Dispenser Services of Texas, Inc. ("DST"), and Dispenser Services
of Houston, Inc. ("DSH").   In late 1999 and early 2000, Sargent
was involved in negotiations with VFS to sell DST and DSH.   On
January 19, 2000, a deal was finalized with the following terms:

> . . . . (1) that the purchase price would be
> $6,000,000; (2) Sargent would be responsible for debt
> of the business up to $1,000,000, yielding a net before
> tax price of $5,000,000; and (3) applying a capital
> gains tax rate of 20%, Sargent would receive a walk
> away amount of $4,000,000.   To obtain this tax rate,
> the deal needed to be structured as a stock deal
> without reservation to Defendants of an IRC § 338
> election. . . . A stock purchase thus was agreed upon
> between Sargent and VFS.   The parties agreed that the
> final dollar amount would be confirmed by January 24,
> 2000, so that it could be announced at a VFS board
> meeting on January 25, 2000. . . [T]he deal was
> celebrated at a VFS dinner meeting that was held on the
> evening of January 24, 2001.

2d Am. Compl. ¶ 15.   VFS refused to honor the agreement, and then
terminated supply contracts with DST and DSH, "the obvious
intention [of which] was to destroy Sargent's business and begin
selling directly to the customers (and purchasing from the
various other suppliers) that Sargent had introduced to VFS and
to whom Defendants had told that an agreement had been reached
with Sargent."   Id. ¶ 19.   Defendants, armed with "the detailed
and intimate information they received as part of VFS' supposedly
completed purchase of Sargent's businesses," have since sought to
take DST and DSH from Sargent for nothing.   Id. ¶ 20.

Sargent asserts four grounds of recovery in his second
amended complaint:   breach of contract; fraud; estoppel; and
civil conspiracy.   Id. ¶¶ 21-30.   By way of the first three
grounds, Sargent targets the actions of VFS; as for the final

ground, he alleges that VFS conspired with all other defendants
(the only other remaining defendant is PBC, see supra n.2)
against Sargent.  In effect, VFS and PBC maintain in their motion
that there is no evidence to support any of Sargent's theories of
liability against them.  Br. to Mot. at 3-4.  The court agrees.

Sargent's breach of contract claim fails because there is no
evidence of a valid contract between Sargent and VFS.  See, e.g.,
Southwell v. Univ. of the Incarnate Word, 974 S.W.2d 351, 354-55
(Tex. App.--San Antonio 1998, pet. denied).  The fraud cause of
action fails because there is no evidence that VFS made a promise
of future performance, or that VFS intended to breach such a
promise.  See, e.g., Formosa Plastics Corp. USA v. Presidio
Eng'rs & Contractors, Inc., 960 S.W.2d 41, 47-48 (Tex. 1998);
Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434-35 (Tex.
1986).  The estoppel claim fails because there is no evidence VFS
promised Sargent it would purchase DST and DSH.  See, e.g.,
English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983).  Finally,
summary judgment is proper as to Sargent's civil conspiracy claim
because VFS is not liable on an underlying tort; and, there is no
evidence that PBC was substantially involved in the complained-of
actions, or that VFS conspired with PBC to accomplish an unlawful
purpose or a lawful purpose by unlawful means.  See, e.g., Ins.
Co. of N. Am. v. Morris, 981 S.W.2d 667, 675 (Tex. 1998); Tilton
v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996).

In sum, the summary judgment evidence that VFS and PBC have
adduced amply support the granting of their motion for summary

judgment.   Sargent, by failing to respond to the motion, has presented no evidence to rebut VFS and PBC's contentions, or to suggest that there exists a genuine issue of material fact as to any of Sargent's claims against VFS and PBC.

Therefore,

The court ORDERS that VFS and PBC's motion for summary judgment be, and is hereby, granted.

The court FURTHER ORDERS that Sargent recover nothing from VFS and PBC, and that all of Sargent's claims and causes of action against VFS and PBC be, and are hereby, dismissed with prejudice.

SIGNED May 13, 2003.

JOHN McBRYDE
United States District Judge

4